**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BABYSTACKS CAFÉ, LLC, a Domestic
Limited Liability Company et al.,

               Plaintiffs,

v.

UBER TECHNOLOGIES, INC., a Foreign
Corporation et al.,

               Defendants.

CASE NO. 2:24-cv-01098-RFB-MDC

**ORDER GRANTING MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF
MOTION FOR JUDGMENT ON THE
PLEADINGS**

The Court grants the *Motion to Stay Discovery Pending Resolution of Motion for Judgment on the Pleadings* (ECF No. 32) ("Motion") for the reasons set forth below.

I.     **BACKGROUND**

Plaintiffs bring this action on behalf of a putative class of restauranteurs in Nevada, seeking to hold defendants responsible for alleged bad acts of third-party fraudsters on the Uber Eats platform. On January 29, 2025, defendants filed a *Motion for Judgment on the Pleadings* (ECF No. 31). If granted, that motion would dispose of plaintiffs' claims. In their Motion at issue here, defendants seek to stay discovery pending the determination of their *Motion for Judgment on the Pleadings*. Defendants' Motion does not seek to stay the entire case, only discovery.

II.    **ANALYSIS**

    A.    **Applicable Standards**

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay

discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

The undersigned Magistrate Judge has adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *See* 08/28/24 Standing Order (ECF No. 26); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.; see also Schrader v. Wynn Las Vegas, LLC.,* No. 2:19-cv-02159-JCM-BNW, 2021 U.S. Dist. LEXIS 198974, at *14 (D. Nev. Oct. 14, 2021).

**B.    Staying Discovery Is Appropriate**

**i.    Discovery is Not Needed to Respond to Defendants' Pending Motion for Judgment On the Pleadings**

Defendants argue that their *Motion for Judgment On the Pleadings* can be decided without discovery. Indeed, motions for judgment on the pleadings are generally "limited to the contents of the complaint." *Zinn v. ADT LLC*, 2018 WL 526899, at *1 (D. Ariz. Jan. 24, 2018) (*quoting Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *Fisher v. Cont'l Cas. Co.,* 2011 WL 13232505, at *2 (D. Mont. Dec. 20, 2011) ("[A] motion for judgment on the pleadings is typically limited to the contents of the complaint…."); *Gibson v. MGM Resorts Int'l*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726, at *4 (D. Nev. July 11, 2023) ("[T]he dispositive motions—because they are on the pleadings—can be decided without further discovery."). Plaintiffs do not dispute defendants' contention. Instead, plaintiffs argue that discovery in general is necessary. However, that is irrelevant and not the standard under the pragmatic approach.

Plaintiffs fail to address either the pragmatic approach or the preliminary peek[1] approach.  Instead, plaintiffs rely on the stay standards regarding staying enforcement of judgments.  *See* ECF No. 34 at 2-3 (citing, *inter alia, Nken v. Holder*, 556 U.S. 418 (2009) and *Hansen v. Eighth Jud. Dist. Ct.*, 116 Nev. 650 (2000)). Plaintiffs' reliance on such authorities is misplaced. Foremost, *Hansen*, 116 Nev. 650 is not binding on this court. More importantly, neither *Nken* nor *Hansen* concern stays of discovery or discuss the standards applicable here regarding whether to stay discovery. *Nken* concerned a request to stay a removal order by the Board of Immigration pending further appeal. *Id.,* 556 U.S. 418.  In *Hansen*, the Nevada Supreme Court reviewed a writ of prohibition challenging a district court order denying a motion to quash service of process for lack of personal jurisdiction and considered whether to stay enforcement of that order and the entire district court proceedings pending resolution of the petition. *Id.,* 116 Nev. 650.  The limited issue here is much different. It concerns only whether discovery should be stayed pending resolution of defendants' *Motion for Judgment on the Pleadings.*

### ii.    There is good cause to stay discovery

The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1. For example, good cause may be found where a movant seeks to stay discovery to prevent undue burden or expense. *Schrader*, 2021 U.S. Dist. LEXIS 198974, *12; Fed. R. Civ. P. 26(c)(1).  Good cause may also exist where a staying discovery secures "the just, speedy, and inexpensive determination" of the action.  Fed. R. Civ. P. 1.; *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.").

Defendants have shown good cause to stay discovery.  Defendants argue that discovery is expansive given the class action posture of the case and will impose an undue burden and expense while

---

[1]. The "preliminary peek" standard in determining motions to stay discovery employ the following elements: (1) whether the underlying motion to dismiss is dispositive of the action; (2) whether the motion to dismiss is resolvable without additional discovery; and (3) the court must take a "preliminary peek" and the merits of the motion to dismiss and determine whether it is convinced the motion to dismiss will prevail.  *Flynn v. Nevada*, 345 F.R.D. 338, 344-45 (D. Nev. 2024).

their *Motion for Judgment on the Pleadings* is pending.  Plaintiffs argue that discovery should not be stayed or delayed because defendants' *Motion for Judgment on the Pleadings* is without merit and defendants will eventually have to engage in discovery. Thus, plaintiffs claim harm because of general risks of potentially loosing evidence or forgotten testimony.  But plaintiffs' argument is generalized and without support.  Plaintiffs do not show or offer evidence establishing any specific risk that evidence may be lost.  The court also notes that such risk is minimized by the parties' obligation to preserve evidence. *See Stedeford v. Wal-Mart Stores, Inc*., No. 2:14-cv-01429-JAD-PAL, 2016 WL 3462132, at *4 (D. Nev. June 24, 2016) ("Once a party is on notice of a potential claim, it is under a duty to preserve evidence which it knows, or reasonably should know, is relevant to the claim or potential litigation.").  Likewise, the plaintiffs did not identify any witnesses whose testimony needs to be preserved and are needed to be immediately deposed.

Finally, plaintiffs argue lack of good cause to stay discovery because they will likely be able to obtain leave to amend their Complaint if defendants' *Motion for Judgment on the Pleadings* is granted. Plaintiffs' argument is too speculative. While amendments under Fed. R. Civ. P. 15 are to be freely given, they are not automatic. *Takiguchi v. MRI Int'l, Inc*., 2:13-cv-01183-HDM-VCF, 2016 U.S. Dist. LEXIS 194005, *5 (D. Nev. September 26, 2016) (citing *In re W. States Wholesale Natural Gas Antitrust Litig*., 715 F.3d 716, 738 (9th Cir. 2013). More importantly, "the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants' motion is potentially dispositive of the entire case." *Heck v. Amazon.Com, Inc*., No. 22-cv-03986-JSW, 2022 U.S. Dist. LEXIS 199904, *4 (N.D.Ca. November 1, 2022).

//

//

//

//

## **ORDER**

For the foregoing reasons, the Court is persuaded that good cause exists to stay discovery in this case. Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Stay Discovery* (ECF No. 32) is GRANTED. Discovery is stayed pending the disposition of defendants' *Motion for Judgment on the Pleadings* (ECF No. 31) or further Court order, including an order on any motion to lift the stay.

**IT IS FURTHER ORDERED** that the parties shall submit an amended Stipulated Discovery Plan and Scheduling Order within 14 days of either: (a) an order denying defendants' *Motion for Judgment on the Pleadings*; or (b) plaintiffs filing a Second Amended Complaint.

DATED: February 14, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge